[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT
The defendant has filed a supplemental motion for summary judgment. This motion arises in a rather unusual context. The defendant had originally filed a motion for summary judgment which was decided by Licari, J., in a memorandum of decision dated January 26, 2000. Judge Licari granted the motion for summary judgment as to the plaintiffs' claims of gender discrimination and denied the motion as to her claims of disability discrimination.
In his memorandum of decision, Judge Licari also stated that the plaintiff was making a claim that her termination from employment constituted a retaliatory discharge. Judge Licari declined to grant summary judgment on this claim on the basis that it was not addressed in the defendant's motion.
The defendant now claims that this reference to a claim of retaliatory discharge was its first notice that such claim was part of this case, a position which the plaintiff vehemently disputes. The defendant now wishes to address this claim in the supplemental motion for summary judgment now before the court. It is the opinion of this court that the complaint (which was never the subject of a request to revise) does allege that she was terminated for reasons which included that she protested to her supervisor, Link, that she believed that his refusal to promote her to dispatcher was discriminatory.
The plaintiff raises a number of procedural objections to the defendant's motion. First, she claims that the issue sought to be raised should have been brought before Judge Licari on a motion to reargue. CT Page 6128 While such a motion would probably not have been inappropriate, since Judge Licari never actually decided the issue now presented, it would appear that the supplemental motion for summary judgment is also an appropriate vehicle to resolve this question. The plaintiff claims that since this case is assigned for trial, the defendant is required by Practice Book Rule 17-44 to move for permission to file such a motion. This court, however, considers this motion as a continuation of the original motion for summary judgment and in the interest of judicial economy will entertain it. Finally, the plaintiff objects to the defendant relying on uncertified copies of deposition transcripts. However, both parties did so in the original motion and the court considers that shortcoming to have been waived.
The substantial issue thus presented is whether the defendant is entitled to summary judgment as to the plaintiff's claim that she was discharged from her employment with the defendant due at least in part to her complaining to her supervisor that she was denied a promotion to dispatcher by reason of her gender. In deciding the issues raised, the court will consider those documents filed in connection with the defendant's original motion for summary judgment and will also adopt the decision of Judge Licari as to that motion.
As the defendant points out in its brief, in order to establish a prima facie case of retaliation, the plaintiff must allege and prove that (1) she was engaged in protected activity; (2) the defendant was aware of the activity; (3) the plaintiff suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. Yancey v. Allstate InsuranceCo., 1999 WL 1063270, at #4 (Conn. Super Ct. Nov. 2, 1999).
In the court's view, voicing a complaint to her supervisor of her belief that her failure to get a promotion was the result of illegal gender discrimination would qualify as a protected activity and thus requirements (1) and 2) would be met based upon the plaintiff's testimony if believed by the trier. Requirement (3) is met since involuntary termination is certainly an adverse employment action.
As for the fourth prong "it is sufficient if `retaliatory motive plays a part in the adverse employment actions toward an employee, whether or not it was the sole cause' and even if valid objective reasons for the discharge exist." Bernard v. New York City Health Hospital Corp., 196 WL 457284 at #8 (S.D.N.Y. Aug. 14, 1996). "A plaintiff may establish a causal connection indirectly by `showing that the protected activity was followed by discriminatory treatment or directly through evidence of retaliatory animus'" Id. Here the protected activity was followed by the plaintiff's termination five months thereafter. There is no evidence CT Page 6129 produced by the plaintiff of "retaliatory animus" during that period that could be attributed to the protected activity. While the plaintiff testified to a "friction" that existed which had not existed in the past, she also states that she only had a "sense" that the conditions which created the friction came from her supervisor. Additionally, "the time sequence alone is not sufficient to prevail in a retaliation case, when the employer presents substantial proof that a valid nondiscriminatory explanation for the termination exists." McDonald v. ConnecticutCommission on Human Rights and Opportunities, 1997 WL 736937, #3 (Conn. Super). It does not appear, therefore, that on the record presented the plaintiff has established a prima facie case of retaliation.
Even if the plaintiff were to establish a prima facie case of discrimination, the McDonnell Douglas-Burdine model of analysis must be employed. Under this model, if a prima facie case has been established the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the plaintiff's termination. Judge Licari in his decision on the defendant's original motion has held that the defendant has met this burden. Once the defendant meets that burden, the plaintiff must have an opportunity to prove by a preponderance of the evidence that the reason's set forth by the defendant were not the real reasons but were a pretext for retaliation. Judge Licari, has held, and this court agrees that based upon the record an issue of fact exists as to whether the reason given by the defendant for terminating the plaintiff was the real reason or was pretextual.
However, that does not end the inquiry. The plaintiff must establish that there is an issue of material fact not only that the reason given for termination was pretextual, but also that the real reason she was terminated was because she complained that she was not promoted due to her gender. Gallo v. Prudential Residential Services, Ltd. partnership,
22 L.3d 1219, 1225 (2d Cir. 1994).
Once the defendant has presented evidence in support of a motion for summary judgement, the plaintiff must present evidence that demonstrates the existence of some disputed factual issue and cannot merely assert that an issue of fact exists. Hammer v. Lumberman's Mutual Casualty, Co.,214 Conn. 573, 578-579 (1990). In this case the defendant has produced evidence of a non-retaliatory reason for the plaintiff's termination. While the court is of the opinion that the documents submitted in opposition create an issue of fact as to whether such was the real reason for her termination, there has not been a scintilla of evidence to suggest that the real reason was because of her complaints as to why she was not promoted, and thus, the plaintiff has failed to show the existence of a material issue of fact on that issue. CT Page 6130
Accordingly, for the reasons set forth above, to the extent that the complaint seeks to assert a cause of action for retaliatory discharge, the defendant's motion for summary judgment is granted.
Bruce W. Thompson, Judge